NOT FOR PUBLICATION (Doc. No. 30)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| C.G. et al., | : |
| Plaintiffs, | : Civil No. 13-6278 (RBK/KMW) |
| v. | : **OPINION** |
| WINSLOW TOWNSHIP BOARD OF EDUCATION, | : |
| Defendant. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the motion of C.G. and R.G. ("Plaintiffs") to appeal Magistrate Judge Williams' Order of January 15, 2015, in which she barred Plaintiffs' attorney from personally videotaping on his own laptop computer the depositions of two of Winslow Township Board of Education's ("Defendant") employees. For the reasons stated herein, Plaintiffs' motion is **DENIED**.

**I.    BACKGROUND**

Plaintiffs and Defendant settled a claim pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., regarding the special education needs of Plaintiffs' son. (Compl. ¶ 17.) However, the parties were unable to agree as to the attorney's fees owed to Plaintiffs. (Id. at ¶¶ 18-19.) While Defendant does not dispute that Plaintiffs are the prevailing party, Defendant argues that the relevant fees demanded by Plaintiffs are unreasonable. (Def.'s Br. 1.) As such, a civil action to resolve the fee dispute ensued.

Plaintiffs' counsel notified Defendant of his intention to depose Defendant's District Administrators. (Epstein Aff. ¶¶ 2-6, Appendices 1-16 ("Notices of Depositions").) While these notices sent by Plaintiffs' counsel to Defendant indicated that the depositions would be transcribed and "recorded by video," the notices did not state that Plaintiffs' counsel planned to do the recording himself. (see Notices of Depositions.) In addition, the parties never stipulated that Plaintiffs' counsel could record the depositions himself. (Ex. to Epstein Aff., Deposition of Henry Major Poteat ("Poteat Dep.") 4:22-23).

On January 15, 2015, Plaintiffs and counsel, Defendant and counsel, and a certified court reporter convened for the scheduled depositions. (Epstein Aff. ¶ 9.) The court reporter had stenographic, but not video capabilities. (Poteat Dep. 3:19-21.) As such, and before the first deposition, Plaintiffs' counsel set up a camera on his own laptop computer to record the deposition, but Defense counsel objected. (Id. at 3:19-23.) Although Defendant had notice that the depositions would be video-recorded, and an official court reporter was present to transcribe the depositions, Defense counsel argued that only an official videographer, and not Plaintiffs' counsel himself, could do the recording.[1] (Id. at 3:19-4:1.) Plaintiffs' counsel argued that Fed. R. Civ. P. 30, which permits the recording of depositions, did not require a "certified videographer." (Id. at 4:9-14.) The parties called Judge Williams in order to determine whether Plaintiffs' counsel could record the deposition himself. (Id. at 3:1-8:25.)

Judge Williams ruled that Plaintiffs' counsel could not record the deposition himself on his own laptop computer. (See Order, Doc. No. 29.) Judge Williams explained that the only

---

[1] Defendant did not object that the present stenographer was not a qualified court officer. (Epstein Aff. ¶ 17.) Defendant also raised no concerns that videotaping the deposition would inconvenience the deponent or distort the deponent's image. (Id.) Indeed, Defendant made no previous objections to, or filed motions for a protective order, regarding any portion of the January 15 depositions. (Id. at ¶ 8.) Thus, Defendant's only objection was that Plaintiffs' counsel intended to record the depositions himself. (Poteat Dep. 3:19-4:1.)

2

individuals "authorized pursuant to the federal rules of civil procedure to audio or video a deposition [under Rules 30, 31, and 32] are those designated by Rules 28 and 29." (Poteat Dep. 7:16-18.) Finding that Plaintiffs' counsel did not fall within the contemplation of those rules, Judge Williams barred Plaintiffs' counsel from self-recording the deposition. (Id. at 6:1-7:3.) Thus, the deposition proceeded without video and was transcribed only by the court stenographer. Plaintiffs now appeal Judge Williams' order and seek to have it reversed and vacated so that Plaintiffs may retake the relevant depositions with video. (Doc. No. 30.)

## II.     LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has authority to hear and determine non-dispositive pretrial matters. A district judge may reconsider these determinations on appeal if the decision was "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Nat'l Labor Relations Bd. v. Frazier, 966 F.2d 812, 816 (3d Cir. 1992). Since rulings on discovery motions, like the one at issue in the present appeal, are considered non-dispositive matters, they are subject to the "clearly erroneous" standard of review. See Jackson v. Chubb Corp., 45 Fed. Appx. 163, 166 n. 7 (3d Cir. 2002); Evans v. Emp. Benefit Plan, No. 03-4915, 2006 WL 1644818, at *3 (D.N.J. June 6, 2006).

Under this standard, a district judge will find a magistrate judge's ruling clearly erroneous when "although there is evidence to support it, the reviewing Court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." United States v. U.S. Gypsum Co., 333 U.S. 364, 395 (1948). Moreover, the party filing the appeal carries the burden of proof. Exxon Corp. v. Halcon Shipping Co., Ltd., 156 F.R.D. 589, 591 (D.N.J. 1994). Unless this party shows a clear error, the district court should not reverse, even if the district court could have decided the matter differently. Andrews v. Goodyear Tire & Rubber

Co., Inc., 191 F.R.D. 59, 68 (D.N.J. 2000) (noting that a district judge's "simple disagreement" with a magistrate judge's findings cannot meet the clearly erroneous standard of review). Furthermore, since the magistrate judge is fully involved with the facts and record of the case, district judges give significant deference to a magistrate judge's discovery rulings. Id.; Farmers & Merchants Nat'l Bank v. San Clemente Fin. Grp. Sec., Inc., 174 F.R.D. 572, 585 (D.N.J. 1997). Given that deference, reversal should be granted only if the magistrate judge abused his or her discretion. Kresefky v. Panasonic Commc'ns & Sys. Co., 169 F.R.D. 54, 64 (D.N.J. 1996).

### III. DISCUSSION

#### A. Federal Rules of Civil Procedure 28, 29, and 30

Plaintiffs and Defendant dispute whether the Rules require a deposition to be videotaped by an officer of the court or whether they permit a party's attorney to videotape a deposition himself in concert with another court officer. Rule 28(a)(1) requires that a deposition be taken by either: "(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or (B) a person appointed by the court where the action is pending to administer oaths and take testimony." Rule 28(a)(2) defines "officer" as a "person appointed by the court under this rule or designated by the parties under Rule 29(a)."

While Rule 30(b)(3)(A)-(B) provides the textual authorization for videotaping a deposition with proper notice to the deponent, Rule 30(b)(5)(A) requires that depositions be conducted by an officer "designated under Rule 28." Furthermore, the Rules require that the officer fulfill certain obligations "on-the-record," including "the officer's administration of the oath or affirmation to the deponent." Fed. R. Civ. P. 30(b)(5)(A). Moreover, Rule 30(b)(5)(B)

requires that when a deposition is recorded non-stenographically, "[t]he deponent's and attorneys' appearance or demeanor must not be distorted through recording techniques."

### B. Magistrate Judge Wiliams' Decision

Interpreting the Federal Rules at issue, Judge Williams barred Plaintiffs' counsel from videotaping the deposition himself on his laptop computer because he was not an "officer" within the meaning of the Rules. Judge Williams explained that while Plaintiffs' counsel had "complied with" the provisions of Rule 30(b)(3)(A)–(B),[2] which permit the videotaping of a deposition with proper notice to the deponent, Rule 30(b)(5)(A)–(B) precluded Plaintiffs' counsel from doing the recording himself. Poteat Dep. 5:2-13. The Rules require that the deposition be conducted by an "officer," and since Rule 28(a)(2) defines an "officer" as either a "person appointed by the court" or a person "designated by the parties under Rule 29(a)," and Plaintiffs' counsel was neither appointed by the Court to take the deposition nor designated to do so by the parties, Plaintiffs' counsel was not an "officer" within the contemplation of Rules 28 and 29. Id. at 4:15-5:13. Therefore, Judge Williams barred Plaintiffs' counsel from recording the deposition himself. Id. at 4:15-16.

### C. Analysis

The Court finds that Plaintiffs have not met their burden of proof in showing that Judge Williams' ruling was clearly erroneous or contrary to law. In support of Plaintiffs' argument, Plaintiffs cite to cases that have permitted a party's attorney to record a deposition in concert with another court officer, such as a stenographer. See, e.g., Maranville v. Utah Valley Univ., No. 2:11cv958, 2012 WL 1493888, at *1-*2 (D. Utah Apr. 27, 2012) (rejecting argument that plaintiff's counsel cannot videotape depositions himself because he is not an "officer authorized

---

[2] The stenographer incorrectly transcribed this rule as 30(e)(3)(A), which does not exist. See Poteat Dep. 5:3.

5

to administer oaths" as required by Rule 28 where another officer would be recording the depositions stenographically); Pioneer Drive, LLC v. Nissan Diesel Am., Inc., 262 F.R.D. 552, 555 (D. Mont. 2009) (finding that the Rules "allow, at the very least, counsel to videotape a deposition in concert with a stenographer recording it"); Hearn v. Wilkins Twp., Pa., No. 06-120, 2007 WL 2155573, at *2 (W.D. Pa. July 25, 2007) (permitting Plaintiff's employee to "operate recording equipment at a deposition while it is being simultaneously recorded by stenographic means by an officer authorized pursuant to Rule 28"); Ott v. Stipe Law Firm, 169 F.R.D. 380, 381 (E.D. Okla. 1996) (concluding that "neither Rule 28(a) nor Rule 28(c) specifically prohibit a party's attorney from operating the video camera during the course of a video deposition"). But see Schoolcraft v. City of New York, 296 F.R.D. 231, 240 (S.D.N.Y. 2013) (barring an attorney from videotaping a deposition even though an official court reporter was present where party also failed to file a Rule 30(b) notice and his recording methodology was suspect).

However, except for Hearn, all of these cases were decided outside of this circuit and thus are not binding. And, though Schoolcraft can be distinguished factually because, unlike here, the video methods in that case presented reliability issues, the ruling in that case also rested upon the court's rejection of cases which, like here, were unbinding, as they were decided by courts outside the Southern District of New York and only one was decided by a district in the Second Circuit. 296 F.R.D. at 240. Lacking a case from the District of New Jersey, let alone any binding authority from the Third Circuit, Plaintiffs have not met their burden of proof to permit this Court to overturn Judge Williams' decision. This is particularly true given the broad deference afforded to a magistrate judge's discovery ruling. See Andrews, 191 F.R.D. at 68; Farmers & Merchants Nat'l Bank, 174 F.R.D. at 585. Without a conclusive authority, this Court

is not left with a "definite and firm conviction that a mistake has been committed." U.S. Gypsum Co., 333 U.S. at 395.

Moreover, even if this Court could have reached a different result given the authorities presented, a magistrate judge's ruling may not be overturned absent an abuse of discretion. Kresefky, 169 F.R.D. at 64.  Since Judge Williams utilized an objective and reasoned interpretation of the Rules based on the relevant text and its definitions, and without a binding authority to conclusively prove this interpretation wrong, no abuse of discretion occurred.  As such, Plaintiffs' arguments amount to the kind of "simple disagreement" with a magistrate judge that is insufficient to meet the clear error standard.  See Andrews, 191 F.R.D. at 68.  Thus, Plaintiffs have failed to meet their burden of proof in showing that Judge Williams' ruling was clearly erroneous or contrary to law.

## V.    CONCLUSION

For the foregoing reasons, Plaintiffs' motion will be **DENIED**.  An accompanying Order shall issue.


Dated: 6/17/2015                                                        s/ Robert B. Kugler
                                                                        ROBERT B. KUGLER
                                                                        United States District Judge